

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROLANDO HUMPHREY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-977-A |
| | § | (NO. 4:16-CR-256-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Rolando Humphrey, movant, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, movant's reply, the record in the underlying criminal case, No. 4:16-256-A, styled "United States v. Rolando Humphrey," and applicable authorities, finds that the motion should be denied.

I.

### Background

The record in the underlying criminal case reflects the following:

On November 9, 201, movant was named in a one-count indictment charging him with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR

Doc.¹ 12. On April 21, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 27. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 28. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 53.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 32, ¶ 28. He received a two-level increase for possession of a dangerous weapon, id. ¶

---

¹The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-256-A.

29, and a two-level increase for maintaining a drug premises. Id. ¶ 30. Movant also received a two-level increase for obstruction of justice. Id. ¶ 33. Based on a total offense level of 38 and a criminal history category of IV, movant's guideline imprisonment range was 324 to 405 months. Id. ¶ 88. However, the statutorily-authorized maximum sentence was twenty years, so 240 months became the guideline imprisonment term. Id. Movant lodged objections to the PSR, CR Doc. 34, and the probation officer prepared an addendum, rejecting the objections. Cr Doc. 36. The addendum noted that the drug calculation was based on movant's own admission that he had sold approximately 250 grams of cocaine two to three times per week for the two preceding years. Id.

On August 4, 2017, movant was sentenced to a term of imprisonment of 240 months. CR Doc. 46. He appealed. CR Doc. 48. His sentence was affirmed. United States v. Humphrey, 730 F. App'x 265 (5th Cir. 2018). Movant's petition for writ of certiorari was denied. Humphrey v. United States, 139 S. Ct. 575 (2018).

II.

Grounds of the Motion

Movant says in the typewritten form portion of his motion that he is raising one ground as set forth in attached additional

pages. Doc.[2] 1 at PageID[3] 7. However, the pages he has inserted reflect that two grounds are being raised. Id. PageID 8. They are worded as follows:

### ISSUE ONE

Prior to movant entering guilty plea, the district court failed to accurately explain the element of the crime and burden of proof that movant possessed twenty-seven (27) kilograms of cocaine, nor did the district court explain that movant may be held responsible for any drug quantity outside of what was presented and agreed to by movant on the factual resume. Fe. R. Civ. Procedure Rule (11) et. al.

### ISSUE TWO

Petitioner's right to a jury trial and due process of law was violated by judicial determination of drug quantity for the purposes of sentencing in which determination triggered mandatory maximum.

Id.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because movant has inserted unnumbered typewritten pages into the form he filed as his motion.

4

sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

The quantity of drugs for which movant was responsible was the subject of his appeal and the Fifth Circuit determined that

the court did not err in finding that the amount of drugs seized from movant did not reflect the scale of his offense. Humphrey, 730 F. App'x at 266. Moreover, the court properly considered movant's admission to selling more than the one kilogram of cocaine in calculating the amount of drugs for which he should be held responsible. Id. Movant was admonished at rearraignment that his guideline sentence could not be determined until the PSR had been prepared and that his sentence could be more severe than he anticipated and that he would be bound by his guilty plea. CR Doc. 53. Movant's plea was knowing and voluntary. He has not raised any ground upon which relief may now be granted.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED January 13, 2020.

/s/ John McBryde
JOHN McBRYDE
United States District Judge